IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLEN BRIAN HESS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-093-A |
| | § | |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION and ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Allen Brian Hess, a state prisoner currently incarcerated in Bridgeport, Texas, against William Stephens, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens "is automatically substituted as a party." See FED. R. CIV. P. 25(d).

## I. Factual and Procedural History

Petitioner is serving a 4-year sentence on his 2010 Denton County conviction for possession of a controlled substance. (Pet. at 2 & App. A) The Texas Board of Pardons and Paroles (the Board) has denied petitioner's release on mandatory supervision on at least two occasions, most recently on October 22, 2012. (Pet. at 5; Resp't Ans, Ex. A) Petitioner has not sought relief in the state courts.

## II. Issues

Petitioner raises four grounds for relief, wherein he claims the Board's denial of mandatory supervision violates his right to due process, access to the courts, and the separation of powers doctrine and operates to suspend the writ of habeas corpus. (Pet. at 7-8)

## III. Rule 5 Statement

Respondent asserts petitioner has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b), (c) and requests dismissal of the petition without prejudice. (Resp't Ans. at 4-7) Petitioner claims that he presents the issues herein for the first time because the decision by the board to deny mandatory supervision is not subject to administrative or judicial review under § 508.149(d) and that, because there is an

2

"absence of available state remedies," pursuing relief in the state courts would be futile. (Pet'r Reply at 3-5)

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or, as in this case, an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Petitioner argues he could not have presented his claims in an article 11.07 application for writ of habeas corpus because § 508.149(d) of the Texas Government Code states that a decision to deny mandatory supervision is not subject to judicial review. TEX. GOV'T CODE ANN. § 508.149(d). However, under Texas case law, it appears that although the decision to release is within the sound discretion of the Board, complaints regarding the "process" and the denial of constitutional or statutory rights in

3

consideration of release may be raised by way of writ of habeas corpus under article 11.07. *Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000) (addressing reviewability of Board's decision to deny mandatory supervision in light of § 508.149(d)).

Respondent correctly asserts that the claims raised in this federal petition have not been properly exhausted in state court. Nor has petitioner demonstrated that there is no available corrective process in state court or that there are circumstances that render such process ineffective. 28 U.S.C. § 2254(b)(1)(B). Accordingly, petitioner must first pursue his claims by way of a state application for writ of habeas corpus. Only after state habeas corpus proceedings are concluded may he challenge the Board's denial of mandatory supervision release by way of federal petition pursuant to 28 U.S.C. § 2254.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice for failure to exhaust.[2]

Pursuant to Rule 22(b) of the Federal Rules of Appellate

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

4

Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not exhausted his state court remedies as to the issues presented and made a substantial showing of the denial of a constitutional right.

SIGNED June 24, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE